IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACQUILINE PETTITT, on behalf of Plaintiff and the class members described herein,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE DISTRIBUTING LLC,<br><br>Defendant. | Case No. 25-cv-800 |

### Notice of Removal

Defendant The Procter & Gamble Distributing LLC ("P&G") removes this action from the Circuit Court of Cook County, Illinois to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

### The State Court Action

1. Pettitt filed her class action complaint on December 20, 2024, in the Circuit Court of Cook County, styled *Jacquiline Pettitt v. Procter & Gamble Distributing LLC*, No. 2024 CH 10854 (the "State Court Action").

2. Pettitt asserts a breach of contract claim and claims arising under the Illinois Prizes and Gifts Act ("IPGA"), 815 ILCS 525/1, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq*. (*See* Ex. 1, State Court Complaint.)

3. P&G received service of the summons and complaint in the State Court Action on December 24, 2024. (Ex. 2, State Court Record.) P&G has not yet filed an answer or otherwise responded to the complaint in the State Court Action.

**Procedural Requirements**

4. This removal is timely because P&G was served with the summons and complaint in the State Court Action within the last 30 days, on December 24, 2024. 28 U.S.C.§ 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999) (time for removal is "triggered" upon "formal service" of a summons).

5. As required by § 1446(a), and to the best of P&G's knowledge, Exhibit 2 to this notice is a true and correct copy of the state court docket sheet, all pleadings, motions, orders, and all other filings in the State Court Action.

6. Pursuant to 28 U.S.C. § 1446(d), P&G is (1) providing Pettitt with a copy of this notice, and (2) filing a copy of this notice in the Circuit Court of Cook County contemporaneously with the filing of this notice.

7. Venue is proper because, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where the State Court Action was filed.

**Grounds for Removal**

8. Pettitt alleges that P&G conducted a sweepstakes involving a prize of 12 packages of toilet paper worth a total of $300 to $407. (Ex. 1 at ¶¶ 5-6.) She alleges she received a December 16, 2024 email from P&G notifying her that "she won the contest," and received a second email less than 12 hours later telling her that the prior email was sent in error and that she had not won. (*Id.* at ¶¶ 9-10, Exs. B and C.)

2

9. Pettitt seeks to recover statutory damages, actual damages, punitive damages, attorney's fees, and costs. (*Id.* at ¶¶ 35, 37, 41.)

10. Pursuant to 28 U.S.C. § 1332(d), removal is proper under the Class Action Fairness Act ("CAFA") because United States district courts have original jurisdiction over any class action: (A) involving a plaintiff class of 100 or more members; (B) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (C) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). Here, all three of the CAFA prerequisites are satisfied.

  **A.  The Putative Class Exceeds 100 Members.**

11. CAFA requires that the class be at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

12. Pettitt brought this action on behalf of herself and the following putative class: "(a) all individuals with Illinois addresses, according to P&G's records, (b) who were sent a notice in the form represented by Exhibit B [of State Court Complaint] (c) and did not receive either the 12 x 18 rolls of bathroom tissue or $300 or $407 in cash, (d) where the notice was sent on or after a date five years (Counts I and III) or three years (Count II) prior to the filing of this action." (Ex. 1 at ¶ 19.)

13. According to P&G's records, there are at least 2,994 individuals who have an associated Illinois address and received an email substantively similar to Exhibit B of the State Court Complaint. (Ex. 1 at Ex. B; Ex. 3, Declaration of Molly Shields.)

14. As such, there are at least 2,994 putative class members, which P&G has supported with a declaration, though the Court may accept this allegation without supporting evidence. *See, e.g.*, *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018) ("We begin by correcting the

3

district court's misimpression that Boeing was initially required to submit evidence to support its notice of removal. The general statute governing the removal of civil actions requires a defendant to file a notice of removal 'containing a short and plain statement of the grounds of removal.' 'By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.'" (citations omitted)); *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 626 (7th Cir. 1998) ("A court may accept the uncontested, good faith allegations of jurisdictional facts.").

15. Therefore, the putative class is comprised of at least 100 members as required under CAFA. 28 U.S.C. § 1332(d)(5)(B).

B. **Minimal Diversity Between Pettitt And P&G Exists.**

16. Minimal diversity is sufficiently established under CAFA where any single member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

17. Minimal diversity exists in this case because P&G is a citizen of a state different from Pettitt.

18. For diversity purposes, an individual's citizenship depends on their domicile, which is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Under CAFA, courts have determined that an LLC is an "unincorporated association" whose citizenship is deemed to be "the state where it is organized and the state where it has its principal place of business . . . ." *Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 607, 612-613 (N.D. Ill. 2023) (collecting cases); *see* 28 U.S.C. § 1332(d)(10) ("[A]n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

4

19. In the State Court Action, Pettitt alleged that she "is a resident of Illinois" and made no allegations to contradict the presumption that Pettitt intends to remain in Illinois indefinitely. (Ex. 1 at ¶ 2.)

20. Therefore, Pettitt is a citizen of Illinois.

21. P&G is a limited liability company organized and existing under the laws of the state of Delaware and whose principal place of business is One P&G Plaza, Cincinnati, Ohio 45202.

22. Therefore, P&G is a citizen of Delaware and Ohio.

23. Because Pettitt is a citizen of Illinois and P&G is a citizen of Delaware and Ohio, the minimal-diversity requirement under CAFA is satisfied. 28 U.S.C. § 1332(d)(2)(A) (recognizing minimal diversity where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

    **C.    The Amount In Controversy Has Been Satisfied.**

24. The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

25. In her State Court Complaint, Pettitt alleges three causes of action, only two of which need be considered to satisfy CAFA's amount in controversy requirement.[1]

26. In Count I, Pettitt alleges that P&G violated IPGA by "[f]ailing to deliver a prize to Plaintiff and any other Illinois resident notified that they would receive a prize" and "failing to provide the odds of winning." (Ex. 1 at ¶ 32.)

---

[1] Pettitt also alleges a breach of contract claim as Count III, for which she believes she is entitled to actual damages and the costs of the suit. (Ex. 1 at ¶ 41.)

27. Pettitt alleges she is entitled to twice the pecuniary loss for her IPGA claim. (*Id.* at ¶¶ 30, 35.) Pettitt alleges the pecuniary loss is $300-$407 (*Id.* at ¶ 35), so she seeks up to $814 per class member.

28. In Count II, Pettitt alleges that P&G violated ICFA, by "violating the Illinois Prizes and Gifts Act" and "attempting to impose a waiver on Illinois consumers of the protections of the Illinois Prizes and Gifts Act." *Id.* at ¶ 37.)

29. Pettitt alleges she is entitled to actual damages, punitive damages, and attorney's fees for her ICFA claim. (*Id.*) Actual damages, punitive damages, and pre-removal attorneys' fees can be included in a defendant's calculation of the amount in controversy. *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022) ("[I]t is well-settled that punitive damages . . . 'factor into the amount-in-controversy calculation.'"); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011) (finding that courts in Illinois have awarded punitive damages under ICFA for multipliers in excess of five); *Palanti v. Lawble, Inc.*, No. 23-CV-2365, 2024 WL 83353, at *8 (N.D. Ill. Jan. 8, 2024) ("Legal fees can count toward the amount in controversy if a plaintiff has a statutory right to them. And the Consumer Fraud and Deceptive Business Practices Act does authorize attorney's fees . . . ." (citations omitted)).

30. Accordingly, the amount in controversy for this matter based on Pettitt's allegations is at least $7,321,348.00 and is calculated as follows:

| | |
|---|---:|
| **ICFA Actual Damages**: 2,994 members in putative class × $407 | $1,218,558.00 |
| **ICFA Punitive Damages:** 5 times actual damages multiplier | $6,092,790.00 |
| **Pre-Removal Attorneys' Fees:** | $10,000.00 |
| | **$7,321,348.00** |

31. P&G considered damages under ICFA only to avoid duplicating awards for the same conduct and same alleged harm.

6

32. The Seventh Circuit has specifically approved and utilized a punitive damage multiplier of five while considering amount in controversy. *Keeling*, 660 F.3d at 275 (reversing district court's order to remand by finding that a punitive award of $3 million (a multiplier of five times actual damages), together with other elements of damage, satisfied the jurisdictional requirements).

33. Thus, the amount in controversy requirement is met.

## Conclusion

For the foregoing reasons, P&G removes the State Court Action from the Circuit Court of Cook County to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: January 23, 2025

THE PROCTER & GAMBLE
DISTRIBUTING LLC

By: */s/ Alyssa Gregory*
       One of Its Attorneys

P. Russell Perdew
Rusty.Perdew@troutman.com
Alyssa Gregory
Alyssa.Gregory@troutman.com
Troutman Pepper Locke LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-1712