IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELIN PETTITT, on behalf of Plaintiff and the class members described herein, ) ) ) Plaintiffs, ) ) v. ) ) PROCTER & GAMBLE ) DISTIRBUTING LLC, ) ) Defendant. ) | No. 25 C 800 Judge Robert W. Gettleman |

## MEMORANDUM OPINION & ORDER

Plaintiff Jacquelin Pettitt, on behalf of herself and a putative class, brings a three-count class action complaint against defendant Procter & Gamble Distributing, LLC ("P&G"). Count I alleges a violation of the Illinois Prizes and Gifts Act ("IPGA"), Count II alleges a violation the Illinois Consumer Fraud Act ("ICFA"), and Count III alleges breach of contract. P&G moves to dismiss the complaint (Doc. 15) and to strike the class allegations (Doc. 16). For the reasons explained below, the motion to strike is construed as a motion to dismiss and is granted.

## BACKGROUND

No matter the outcome of this case, plaintiff's prize is bound to be flushed down the drain. P&G markets, sells, distributes, and promotes Charmin, a popular brand of toilet paper. In 2024, P&G conducted a monthly sweepstakes to promote the sale of Charmin toilet paper. To enter the sweepstakes, participants were asked to provide their email addresses and answer a series of questions about their households, their shopping habits, and the cartoon bear characters that P&G uses in Charmin advertising and packaging. The prize on offer was "a year's worth of

1

Charmin" in the form of 12 monthly deliveries of an 18-pack of Charmin Super Mega toilet paper to the winner's home.

Plaintiff is a resident of Illinois who entered the Charmin sweepstakes. She provided her email address and answered the questions. On December 16, 2024, P&G emailed plaintiff notifying her that she was "this month's Charmin Sweepstakes WINNER!" On the same day, about 8 hours later, P&G emailed plaintiff informing her that the original message was sent in error and that she would receive instructions on how to claim a $2 Charmin coupon. On the following day, P&G sent another follow up email offering two $25 coupons. On December 18, plaintiff inquired as to what had happened, and P&G responded again explaining that "[t]he email you received stating that you were the winner of the Charmin Super Mega Sweepstakes was sent in error."

## **DISCUSSION**

The court begins with defendant's motion to strike class allegations. Before reaching the substance of the motion, the court must address a procedural issue. Defendant styles its motion as a motion to strike. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are appropriate to "remove unnecessary clutter from the case," but they are generally disfavored in this circuit because they are often employed for the sole purpose of causing delay. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

Nevertheless, some courts in this circuit have held that it is appropriate to strike class allegations at the pleading stage "where the pleadings are facially defective or inherently

2

deficient." Dowding v. Nationwide Mutual Insurance Co., 490 F. Supp. 3d 1291, 1298 (N.D. Ill. 2020); see also, e.g., Buonomo v. Optimum Outcomes, Inc., 301 F.R.D. 292, 295 (N.D. Ill. 2014) (explaining that "[i]f the plaintiff's class allegations are facially and inherently deficient, for example, a motion to strike class allegations ... can be an appropriate device to determine whether [the] case will proceed as a class action" (internal quotations omitted)); Wolfkiel v. Intersections Ins. Servs. Inc., 303 F.R.D. 287, 292 (N.D. Ill. 2014) (similar).

Instead of following that route, this court finds that it is more appropriate to construe defendant's motion as a motion to dismiss under Rule 12(b)(6). Plaintiff's class allegations are not a "defense." Nor are they "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The class allegations are material and pertinent to the dispute, a far cry from "unnecessary clutter." Heller 883 F.2d at 1294. Instead, defendant's motion argues that plaintiff cannot state a class action claim upon which the court can grant relief because the terms of the contract between plaintiff and defendant preclude such a claim as a matter of law. While defendant may have styled its motion incorrectly, Rule 8(e) provides that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P 8(e). Accordingly, the court will evaluate defendant's motion under the legal standard governing 12(b)(6) motions. Cf Boyack v. Regis Corporation, 812 F. App'x 428, 431 (9th Cir. 2020) (explaining that although "[t]he district court improperly struck [claims] under Federal Rule of Civil Procedure 12(f)"….because "Rule 12(f) allows a district court only to strike redundant, immaterial, or scandalous claims," the court nevertheless decided to "affirm the district court's decision" because the "claims are properly dismissed pursuant to Rule 12(b)(6) for failure to state a claim").

Thus, the court will evaluate the motion to strike under the familiar principles of a motion to dismiss under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the

sufficiency of the complaint. Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, plaintiff must clear two hurdles: (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests;" and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008). At this stage, "the court must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Addressing defendant's motion, which this court construes as a motion to dismiss, defendant argues that the class allegations are barred by the terms of the contract. Defendant points out that rules of sweepstakes provide the following "You agree that: (a) any and all disputes, claims and causes of action arising out of, or connected with the Sweepstakes or any prizes awarded shall be resolved individually, without resort to any form of class action …" Defendant argues that it agrees with plaintiff that the sweepstakes rules formed a contract between defendant and plaintiff (and putative class members), and the court should enforce the contract pursuant to its terms.

Plaintiff responds that the class action waiver is procedurally unconscionable because the waiver was "located toward the end of the official rules, buried in the middle of a provision misleadingly captioned 'Governing Law.'" Plaintiff also argues that the class waiver is substantively unconscionable because its enforcement would deprive consumers of a cost-

4

effective mechanism to obtain a remedy for injuries involving relatively small damages. According to plaintiff, the substantive unconscionability is exacerbated by other provisions in the contract, such as the provisions dictating venue, choice of law, and the waiver of attorney's fees.[1]

The court finds that the class action waiver is not procedurally unconscionable. Under Illinois law, "[p]rocedural unconscionability refers to a situation where a term is so difficult to find, read, or understand that the plaintiff cannot fairly be said to have been aware he was agreeing to it, and also takes into account a lack of bargaining power." Razor v. Hyundai Motor America, 854 N.E.2d 607, 622 (Ill. 2006). In addition, "the procedural soundness of any particular provision…is assessed by considering the contract as a whole." Tortoriello v. Gerald Nissan of N. Aurora, Inc., 882 N.E.2d 157, 175 (Ill. App. 2d 2008) (internal citations and quotations omitted).

The terms and conditions of the sweepstakes consist of three pages of uniform, albeit small, text. Plaintiff argues that the subheading containing the class waiver, which reads "Governing Law," is mislabeled because it does not suggest that a reader will find a class waiver within. Plaintiff analogizes this contract to cases where a warranty disclaimer was included under the heading "Factory Warranty" or where an arbitration agreement was buried inside a "Health and Safety and Warranty Guide." See Blankenship v. Northtown Ford, Inc., 420 N.E.2d 167, 170 (Ill. App. 4th 1981); Noble v. Samsung Elecs. Am., Inc., 682 F. App'x 113, 117 (3d Cir. 2017). While the court recognizes that the terms and conditions of the Charmin sweepstakes are not a beacon of clarity, the inclusion of a class waiver under the "Governing Law" heading is

---

[1] Defendant maintains that it does not seek to enforce the venue, choice of law, and attorney-fee provisions of the contract.

not similarly misleading as the cited examples. As the Illinois Supreme Court observed when upholding the procedural conscionability of an arbitration clause and class action waiver that it described as "nonnegotiable and presented in fine print in language that the average consumer might not fully understand," such contracts, "are a fact of modern life." Kinkel v. Cingular Wireless LLC, 857 N.E.2d 250, 266 (Ill. 2006).

The court also finds the class waiver is not substantively unconscionable. The Illinois Supreme Court has held that:

> [T]he enforceability of a class action waiver, whether or not the contract provides for mandatory arbitration, must be determined on a case-by-case basis, considering the totality of the circumstances. Relevant circumstances include the fairness and balance of the contract terms, the presence of unfair surprise, and the cost of vindicating the claim relative to the amount of damages that might be awarded under the dispute resolution provisions of the contract. Kinkel, 857 N.E.2d at 275.

The primary reason that the class-action waiver here is not substantively unconscionable is the remedy afforded to consumers by the IPGA. The IPGA provides that "[a] consumer who is successful in such an action shall recover the greater of $500 or twice the amount of the pecuniary loss, reasonable attorney's fees, and court costs incurred by bringing such action." 815 ILCS 525/40(b). Unlike in cases where Illinois courts have deemed class waivers substantively unconscionable, the IPGA's provision of attorney's fees and double recovery ensures that, even on an individual basis, plaintiff and other consumers have access to a remedy that can make them whole (or more than whole). See Kinkel, 857 N.E.2d at 268 (explaining that due to the costs of arbitration, "if she were to prevail on the merits of her claim and be awarded

6

$150 in damages, it is an absolute certainty that she would not be made whole"); Keefe v. Allied Home Mortg. Corp., 912 N.E.2d 310, 318 (Ill. App. 5th 2009) (explaining that "without the ability to proceed as a class representative, the plaintiff may not be able to retain counsel, even assuming that the arbitrator would award her both punitive damages and attorney fees").[2]

Because the court finds that the class-waiver provision is neither substantively nor procedurally unconscionable, it is enforceable. See generally Beverly v. Abbott Labs, 817 F.3d 328, 333 (7th Cir. 2016) ("Under Illinois law, the existence of a valid and enforceable contract is a question of law when the basic facts are not in dispute.").[3] Thus, defendant has shown that plaintiff's class allegations lack facial plausibility because they are precluded as a matter of law. See Ashcroft 556 U.S. at 678. Consequently, the motion to dismiss class allegations is granted.

Having dismissed the class allegations, the court remands the case to the Circuit Court of Cook County. This case was removed from the Circuit Court of Cook County under 28 U.S.C. § 1332(d)(2), which provides an alternative basis for diversity jurisdiction "in any civil action in which the matter in controversy exceeds the sum or value of $5,000,000." Because this action is no longer a class action, subject matter jurisdiction must be evaluated under the more traditional requirements of diversity jurisdiction in 28 U.S.C. § 1332 (a). Here, the amount in controversy does not exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). While a district court may exercise supplemental jurisdiction over the remaining claims, it "may decline to exercise supplemental jurisdiction" when "the district court has

---

[2] The court again notes that defendant maintains that it does not seek to enforce the venue, choice of law, and attorney-fee provisions of the contract. The court need not decide whether the class-waiver would be substantively unconscionable if defendant sought to enforce it alongside those provisions. Because defendant renounces those other provisions, the court accordingly does not address plaintiff's argument that the substantive unconscionability of the class waiver is exacerbated by them.
[3] Neither party disputes the basic facts nor contests the proposition that it is appropriate to decide this issue on the pleadings.

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the only claim over which it had original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining claims. Thus, the case will be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

For the above reasons, the motion to strike class allegations (Doc. 16) is converted to a motion to dismiss under Rule 12(b)(6) and is granted. The court declines to exercise supplemental jurisdiction over the remainder of the claims. The case is remanded to the Circuit Court of Cook County forthwith.

**ENTER:**

Robert W. Gettleman
United States District Judge

**DATE: June 5, 2025**