IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE PETTITT, | ) |
| | ) |
| Plaintiff, | ) No. 25 C 800 |
| | ) |
| v. | ) Judge Robert W. Gettleman |
| | ) |
| PROCTER & GAMBLE DISTIRBUTING LLC, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION & ORDER</u>**

On June 5, 2025, this court issued a memorandum opinion and order granting defendant's motion to dismiss class allegations. <u>Pettitt v. Procter & Gamble Distributing LLC</u>, No. 25 C 800, 2025 WL 1591969 (N.D. Ill. June 5, 2025). Plaintiff moves for reconsideration of that decision under Fed. R. Civ. P. 59(e). (Doc. 24). For the reasons below, plaintiff's motion is denied.

The court presumes the reader is familiar with the facts of this case, which were stated in the June 5, 2025, decision. <u>See</u> <u>Pettitt v. Procter & Gamble Distributing LLC</u>, 2025 WL 1591969 at *1. Under Rule 59(e), a district court may "alter or amend a judgment." A motion to reconsider under Rule 59(e) serves very limited purposes, one of which is to correct "a manifest error of law." <u>Divane v. Krull Elec. Co., Inc.</u>, 194 F.3d 845, 848 (7th Cir.1999). A "manifest error of law" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." <u>Oto v. Metropolitan Life Ins.</u>, 224 F.3d 601, 606 (7th Cir. 2000). A party moving for reconsideration under Rule 59(e) "bears a heavy burden of establishing that the court should reverse its prior judgment." <u>Scott v. Bender</u>, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013).

The court finds that plaintiff has not carried its burden to establish that the court should

1

reverse its decision granting defendant's motion to dismiss the class allegations. Nevertheless, the court recognizes that the reasoning of its June 5, 2025, decision was premised on the understanding that both parties agreed that Illinois law governed this dispute. As evidenced by the briefing on this motion to reconsider, that understanding was mistaken. Defendant maintains that "the sweepstakes provisions include enforceable terms and limitations of liability." These terms include the choice-of-law clause, which designates Ohio law as governing the contract. Thus, the court will first address the choice-of-law issue and then explain how it informs the analysis of the substantive unconscionability of the class-action waiver.

The terms and conditions of the sweepstakes specify that "[t]he Sweepstakes and the Official Rules shall be exclusively governed by and construed in accordance with the laws of the state of Ohio, without regard to conflicts of law provisions." Plaintiff argues that this choice-of-law clause is invalid because it violates the Illinois Prizes and Gifts Act ("IPGA"), which represents the public policy of Illinois. Additionally, plaintiff argues that this case is not like cases where two business entities from different states agree on a reasonable choice-of-law or venue clause. Plaintiff points out that she resides in Illinois and defendant has substantial facilities and numerous employees in Illinois. Defendant argues that reasonable stipulations of choice of law are honored in Illinois, and the choice-of-law provision here should likewise be honored.

A federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Thus, this court will apply Illinois choice-of-law rules to determine whether the choice-of-law clause in the sweepstakes terms and conditions is enforceable.

When faced with choice-of-law questions, Illinois courts generally follow the Restatement (Second) of Conflict of Laws (1971) (hereinafter "Second Restatement"). Maher & Assocs., Inc. v. Quality Cabinets, 640 N.E.2d 1000, 1006 (Ill. App. 2d 1994). Section 187 of the Second Restatement applies when the parties have made an express choice of law in their contract. According to the Second Restatement, that choice-of-law clause will be given effect unless it both violates fundamental Illinois public policy and Illinois has a "materially greater interest" in the litigation than the chosen State. See Second Restatement, § 187. Nevertheless, the Second Restatement is "a guide for [Illinois] courts; it is not black-letter law." Maher & Assocs., Inc., 640 N.E.2d at 1006. In addition to following the Second Restatement, Illinois is also "among those States that generally follow the modern approach to choice-of-law questions, and this approach places the greatest importance on the public policy of the State in which a case is brought." Id. See also Lyons v. Turner Const. Co., 551 N.E.2d 1062, 1065 (Ill. App. 1st 1990).

The court agrees with plaintiff that the choice-of-law clause violates the public policy of Illinois. The Supreme Court of Illinois has held that "[t]he public policy of a State must be sought in its constitution, legislative enactments and judicial decisions." Roanoke Agency, Inc. v. Edgar, 461 N.E.2d 1365, 1371 (Ill. 1984). The IPGA is, of course, a legislative enactment. The substantive provisions of the IPGA are prefaced by this statement: "The General Assembly finds that deceptive promotional advertising of prizes is a matter vitally affecting the public interest in this State." 815 ILCS 525/5. The IPGA applies to "a written promotional offer that is…made to a person in this State." 815 ILCS 525/15.

If courts were to honor choice-of-law clauses like the one at issue here, the likely effect would be to wholly undermine the practical effect of the IPGA. Because the terms and

conditions of the promotional offers regulated by the IPGA—like the sweepstakes at issue here—are nearly universally contracts of adhesion, any entity engaging in the "deceptive promotional advertising of prizes" could sidestep the IPGA simply by including a foreign choice-of-law clause in the terms and conditions. See 815 ILCS 525/5. From a practical standpoint, the IPGA would no longer apply to "a written promotional offer that is…made to a person in this State." See 815 ILCS 525/15. The court finds that the Illinois General Assembly would not have intended for its regulation of a "matter vitally affecting the public interest in this State" to be nullified so easily. 815 ILCS 525/5. See Maher & Assocs., Inc., 640 N.E.2d at 1006 (explaining that the "ultimate objective for a court of review in construing the meaning of a statute is to ascertain the true meaning and intent of the legislature"). Consequently, the court finds that the choice-of-law clause in the contract at issue here violates the public policy of the state of Illinois.

The court also finds that Illinois has a "materially greater interest" in the litigation than Ohio. See Second Restatement, § 187. Plaintiff is a resident of Illinois, and defendant has extensive operations—both in terms of product sales and corporate presence—in Illinois. Illinois has a substantial interest in regulating how entities with a significant business presence in Illinois engage in the promotional advertising of prizes to Illinois residents. Ohio's sole identifiable interest in the litigation is that defendant is a citizen of Ohio. Having determined that the choice-of-law clause both violates the public policy of Illinois and that Illinois has a materially greater interest in the litigation than Ohio, the court concludes that it cannot give effect to the choice-of-law clause in the sweepstakes terms and conditions.

Because Illinois law (and not Ohio law) governs the contract at issue here, the class

4

waiver is enforceable for the same reasons as stated in the June 5, 2025, decision:

> Unlike in cases where Illinois courts have deemed class waivers substantively unconscionable, the IPGA's provision of attorney's fees and double recovery ensures that, even on an individual basis, plaintiff and other consumers have access to a remedy that can make them whole (or more than whole). See Kinkel, 857 N.E.2d at 268 (explaining that due to the costs of arbitration, "if she were to prevail on the merits of her claim and be awarded $150 in damages, it is an absolute certainty that she would not be made whole"); Keefe v. Allied Home Mortg. Corp., 912 N.E.2d 310, 318 (Ill. App. 5th 2009) (explaining that "without the ability to proceed as a class representative, the plaintiff may not be able to retain counsel, even assuming that the arbitrator would award her both punitive damages and attorney fees"). Pettitt, 2025 WL 1591969, at *3.

The Illinois Supreme Court has held that a determination of whether a class waiver is substantively unconscionable must be made on a "case-by-case basis, considering the totality of the circumstances." Kinkel, 857 N.E.2d at 275. Thus, plaintiff's insistence that Kinkel "requires" a specific outcome in this case is misguided.[1]

Finally, plaintiff argues that the court committed a manifest error of law because the choice-of-law provision cannot be severed from the rest of the agreement. The court finds that

---

[1] In reaching its decision that the class waiver is not substantively unconscionable, the court has also considered the effect of other "claim-killing" provisions in the terms and conditions, such as the total liability waiver and the damages waiver. While the court declines to discuss these provisions at length, it finds that these provisions are unlikely to deny consumers like plaintiff access to a remedy that can make them whole via the IPGA. See generally, e.g., Fosler v. Midwest Care Ctr. II, Inc., 928 N.E.2d 1, 9 (2009) (explaining that "[w]hile Illinois courts strongly favor freedom of contract, a court will declare a contract void if it contravenes the public policy of this state); Holstein v. Grossman, 616 N.E.2d 1224, 1229 (Ill. App. 1st 1993) (explaining that "[a]s a general rule, courts will not enforce a private agreement which is contrary to public policy").

severing the choice-of-law provision while enforcing the class waiver is permissible under Illinois law. Despite plaintiff's arguments to the contrary, under Illinois law an "unenforceable provision is severable unless it is so closely connected with the remainder of the contract that to enforce the valid provisions of the contract without it would be tantamount to rewriting the agreement." Wigginton v. Dell, Inc., 890 N.E.2d 541, 549 (Ill. App. 5th 2008) (internal quotations omitted); see also Abbott-Interfast Corp. v. Harkabus, 619 N.E.2d 1337, 1343 (Ill. App. 2d 1993) (explaining that "the trial court may, in its discretion, modify a contract so that it comports with the law or sever unenforceable provisions from a contract"). Removing the choice-of-law clause is not tantamount to rewriting the agreement here, which at its heart is an agreement to answer an online survey in exchange for the chance to win a year's supply of toilet paper. Consequently, the choice-of-law clause may be severed from the contract.

Plaintiff has failed to bear its "heavy burden of establishing that the court should reverse its prior judgment." Scott, 948 F. Supp. 2d at 865 (N.D. Ill. 2013). The court recognizes that its prior decision was based in part on a misapprehension of the parties' positions. Nevertheless, as explained above, correcting that misapprehension does not compel a reversal of the judgment.

## CONCLUSION

For the above reasons, the motion to reconsider is denied. (Doc. 24).

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:  August 7, 2025**

6